J-S18017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN BRITT, | : | |
| | : | |
| Appellant | : | No. 975 WDA 2017 |

Appeal from the PCRA Order April 19, 2016
in the Court of Common Pleas of Westmoreland County,
Criminal Division at No(s):  CP-65-CR-0004137-2006

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 27, 2018**

Kevin Britt ("Britt") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 30, 2007, following a jury trial, Britt was convicted of two counts each of robbery – threat of immediate bodily injury, and robbery – inflict bodily injury, and one count each of robbery – inflict serious bodily injury, conspiracy, and persons not to possess firearms.  The trial court sentenced Britt to a term of 38½ to 77 years in prison.[1]  This Court affirmed Britt's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on

_____

[1] Britt's trial counsel, Edward T. Rowe, Jr., Esquire ("Attorney Rowe"), was suspended from the practice of law on October 30, 2007, and was granted leave to withdraw as counsel by Order dated November 7, 2007.  The trial court appointed Britt counsel, who was later permitted to withdraw due to a potential conflict.  On November 29, 2007, the trial court appointed Britt new counsel, and reinstated his direct appeal rights *nunc pro tunc*.

August 20, 2009. *See Commonwealth v. Britt*, 965 A.2d 289 (Pa. Super.

2008) (unpublished memorandum), *appeal denied*, 983 A.2d 725 (Pa.

2009).

Britt, *pro se*, filed his first PCRA Petition on June 7, 2010. The PCRA

court appointed Britt counsel, who subsequently filed a Petition to Withdraw

as counsel and a *Turner*/*Finley*[2] "no-merit" letter. The PCRA court permitted

counsel to withdraw, and denied Britt's first Petition on March 11, 2011. This

Court affirmed the denial on November 8, 2012. *See Commonwealth v.*

*Britt*, 50 A.3d 238 (Pa. Super. 2012) (unpublished memorandum).

This Court previously set forth what next transpired as follows:

> [Britt] filed the [P]etition that is the subject of the instant appeal
> on June 20, 2014, and requested the appointment of counsel.
> Within his [P]etition, [Britt] claimed that he is entitled to relief
> because of newly-discovered information concerning his trial
> attorney and an alleged *Brady*[FN1] violation. On July 2, 2015, the
> PCRA [court] denied [Britt's] request for counsel and issued
> [N]otice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss
> [Britt's] PCRA [P]etition without holding an evidentiary hearing.
> [Britt] filed a [R]esponse to the Rule 907 [N]otice on July 23,
> 2014, and on September 10, 2014, the PCRA court issued an
> [O]rder scheduling a hearing.
>
> At the hearing on November 24, 2014, the PCRA court was
> informed that [Britt] was in the process of retaining private
> counsel and granted a continuance for counsel to enter his
> appearance. Patrick K. Nightingale, Esquire, entered his
> appearance on behalf of [Britt] on February 24, 2015, and
> requested [that] the PCRA court schedule a hearing. Attorney
> Nightingale eventually filed an [A]mended [P]etition. Following
> several continuances, a hearing was held on November 20, 2015.

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988);
*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court ordered briefs and took the matter under advisement.

On March 24, 2016, the [PCRA] court filed a Rule 907 [N]otice,[FN2] and [Britt] responded *pro se*, opposing the court's intention to dismiss his [P]etition. On April 19, 2016, the PCRA court dismissed [Britt's P]etition. On May 18, 2016, [Britt,] *pro se*[,] filed a [N]otice of [A]ppeal, [M]otion to proceed *in forma pauperis*, and request for appointment of counsel. The PCRA court granted [Britt's] request to proceed *in forma pauperis* but denied his request for counsel.[FN3]

[FN1] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[FN2] A notice pursuant to Pa.R.Crim.P. 907 is only required if the PCRA court intends to dismiss a petition **without** a hearing.

[FN3] [Britt] and the PCRA court complied with the directives of Pa.R.A.P. 1925.

***Commonwealth v. Britt***, 168 A.3d 293 (Pa. Super. 2017) (unpublished memorandum at 2-3) (footnotes and emphasis in original). On appeal, this Court noted that although Britt filed his appeal *pro se*, there was no indication in the docket that his attorney had ever withdrawn his appearance. ***See id.*** (unpublished memorandum at 4). Accordingly, this Court remanded the case to the PCRA court to "inquire as to the status of [Britt's] representation and determine if counsel seeks permission to withdraw[,]" or, in the alternative, to conduct a ***Grazier***[3] hearing. ***Id.*** (unpublished memorandum at 4-5). Attorney Nightingale subsequently filed a Petition to Withdraw as counsel, which the PCRA court granted. The PCRA court appointed Britt appellate counsel. Britt, through counsel, filed a timely Notice of Appeal and a court-

---

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Britt raises the following issues for our review:

I. Whether [Britt's] second PCRA Petition represents a miscarriage of justice which would grant the court jurisdiction over his claim?

II. Whether [Britt's] discovery that his attorney had been suspended from the practice of law represents newly discovered evidence and excuses any possible untimeliness?

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues

- 4 -

raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Britt's judgment of sentence became final in November 2009, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Thus, Britt's second Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **Albrecht**, 994 A.2d at 1094. Further, "[a] petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter." **Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (citation omitted).

We will address Britt's claims together. In his first claim, Britt argues that a miscarriage of justice occurred because Attorney Rowe was suspended from the practice of law after Britt's sentencing, and therefore, Britt was entirely without counsel to preserve issues for appeal through a post-sentence motion. Brief for Appellant at 7. In his second claim, Britt cites the exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), and asserts that his discovery that his trial counsel had been suspended from the practice of law constitutes a new fact that entitles him to PCRA relief. **Id.** at 8. Britt again claims that he was

effectively abandoned by Attorney Rowe, who was suspended before filing a post-sentence motion to preserve issues for appeal. *Id.* at 9.

To prove the newly-discovered facts exception at section 9545(b)(1)(ii), "the petitioner must establish that the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Here, Attorney Rowe was suspended from the practice of law in October 2007, and Britt did not file the instant Petition until June 2014. Britt failed to explain how he believes he satisfied the due diligence requirement, or to explain why he could not have ascertained the new fact sooner with the exercise of due diligence. *See id.*; *see also Brown*, 141 A.3d at 500. Additionally, Britt failed to explain why he could not have raised this claim in his first, timely PCRA Petition. *See Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (concluding that appellant's PCRA claim regarding trial counsel's disciplinary issues did not satisfy an exception to the PCRA's time-bar, where "[i]nformation related to trial counsel's disciplinary issues was publicly available for years, including when appellant's first PCRA petition was

- 6 -

being prepared[,]" and "these facts were easily discoverable and in the public record for longer than 60 days before th[e] petition was filed…."). Therefore, Britt failed to plead and prove the newly-discovered facts exception to the PCRA's timeliness requirement.

Because Britt did not successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, we cannot address the merits of his claims.

Order affirmed.

Judge Stabile joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2018